CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 16 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TRAVIS LEON DAVIDSON, | ) | Civil Action No. 7:12-cv-00035 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SHERRY BALL, <u>et al.</u>, | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Travis Leon Davidson, a federal inmate proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Sherry Ball, Kelly Jenks, and Dr. Ali Uzma. Plaintiff alleges that defendants provided unconstitutional medical assistance in violation of the Eighth Amendment of the United States Constitution. This matter is before me for screening, pursuant to 28 U.S.C. § 1915 and § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges the following information in his complaint:

> Each individual[] acted deliberate indifference recklessly disregards a substantial risk of harm to me. [sic] They know and disregard[] an excessive risk of harm to me[;] it's negligence. . . . They failure to carry out medical orders, failed to inquire into necessary to make a professional judgment. [sic] A denial access to appropriately qualified health care personnel. Failed to give me the appropriate medial or medication violations in deliberate indifference and neglect. The following defendants refuse to get me appropriate medical care or you can say refuse to give me health services and violate my Eighth Amendment in deliberate indifference and negligence. They sent me to a[] GI doctor[;] he told me he did not have any medical records to show what I was there for and he could not treat me because the defendants have failed to give him my medical records[.] Failure to carry out medical orders this or all [sic] is inadequate medical.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C.

1

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to identify a defendant who acted under color of state law or was involved in providing him medical care. Plaintiff also fails to relate a defendant to an actual fact about his medical care, and he merely relies on labels and conclusions to describe an Eighth Amendment claim. See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Furthermore, plaintiff fails to describe a serious medical need, an essential element for an Eighth Amendment medical claim. See, e.g., Estelle v. Gamble, 429 U.S. 97, 104 (1976) (describing a serious medical need). Moreover, plaintiff acknowledges that someone referred him to a medical specialist to treat an undisclosed ailment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994) (describing deliberate indifference). Accordingly, plaintiff's complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 16th day of February, 2012.

Senior United States District Judge